## J. A. MATLOCK ET AL. *v.* E. S. COBB.

USURY.   *Whether payment usurious or not.   Case in judgment.*

M. & M. borrowed a certain sum of money from C., and gave him their note promising to pay usurious interest therefor, and executed a deed of trust on a certain tract of land to secure payment of the note. Upon the failure of the maker to pay the note at maturity, the trustee sold the land under the trust deed, and it was bought by the payee of the note, who subsequently deeded it to the grantor in the deed of trust for a consideration equal in amount to the principal of the note with the usurious interest originally contracted for. Afterward M. & M. sued C. for the difference between the consideration of the deed of reconveyance and the amount which C. might have legally collected on the note, claiming that such difference represented the usurious interest on the money borrowed and repaid. The evidence showed no collusion between the parties to evade the usury laws by the trustee's sale, but the contrary. *Held,* that in this state of case there can be no recovery, as C. had the right to sell and convey the land to M. & M., as well as to any other person, for any price he could get, but if there had been such collusion as is above alluded to, the case would be different.

APPEAL from the Circuit Court of Madison County.
HON. T. J. WHARTON, Judge.

J. A. & A. J. Matlock, on the 24th of January, 1882, borrowed two hundred and fifty dollars of E. S. Cobb, but gave him their promissory note for three hundred dollars, due on the 1st of January, 1883, with interest at ten per cent. per annum, and

to secure payment of their note they executed a deed of trust upon a certain tract of land belonging to them. On the 1st of January, 1883, the makers of the note paid fifty dollars thereon. About one year thereafter the trustee sold the land embraced in the deed of trust to satisfy the balance due on the note, and it was bought by Cobb at the price of two hundred dollars. The Matlocks were about to file a bill in chancery attacking the trustee's sale to Cobb, when, on January 26th, 1883, the controversy was apparently settled. The sum of three hundred and two dollars and fifty cents was paid Cobb, for which a receipt was given in these words and figures :

$302.50.          CANTON, January 26, 1883.

Received of J. H. Matlock three hundred and two dollars and fifty cents in payment of deed of trust E. S. Cobb holds on lands of J. A. & A. J. Matlock, given to make said J. A. & A. J. Matlock a quit-claim deed of the lands I bought at trustee's sale under said deed of trust, sold by Robert Powell.                    E. S. COBB,
                                    per ROBERT POWELL,
                                                *Attorney.*

Accordingly, Cobb executed to the Matlocks a deed for the land mentioned, the consideration of which was recited to be the three hundred and two dollars and fifty cents paid as above stated.

The Matlocks also paid Cobb seven dollars and fifty cents for expenses which he had incurred in connection with the trustee's sale. Cobb delivered to the Matlocks their note and entered satisfaction on the deed of trust.

But on the 4th day of February, 1884, the Matlocks instituted this action to recover of Cobb one hundred and six dollars and seventy-five cents, which they claimed had been paid by them to the defendant as usurious interest on their note above referred to. The evidence adduced in the court below need not be here set forth, as the substance and effect of that which is material to the question of law involved is stated in the opinion of the court. The judgment below was for the defendant, and the plaintiffs appealed.

*J. W. Downs,* for the appellants.

It will be seen that the three hundred and two dollars and fifty cents paid to the appellee by the appellants exactly covered the amount due on the note up to that date with interest at twenty per cent. per annum, and the pretended repurchase was a mere subterfuge to evade usury. This thing of a repurchase was an afterthought. I insist that the laws against usury cannot be evaded in this way. *Bond* v. *Jones,* 8 S. & M. 368; *Chaffee* v. *Wilson,* 59 Miss. 42.

*Smith & Powell,* for the appellee.

The appellee never collected any usurious interest on the three hundred dollar note. The fifty dollars collected on the 1st of January, 1883, the law would apply to the payment *pro tanto* of the amount legally due on the note. 59 Miss. 42; 8 S. & M. 368.

At the time of the trustee's sale the appellants owed the appellee two hundred dollars on their note, and that was the amount he bid for the land.

The evidence shows that Cobb asked the appellants for the land three hundred and two dollars and fifty cents, and such other costs as he had been put to; and that was the price they paid him for the land.

*R. C. Smith,* of counsel for appellee, argued the case orally.

COOPER, J., delivered the opinion of the court.

There is nothing in the record indicating that the sale by the trustee, Powell, was made for the purpose of enabling the creditor, Cobb, to evade the usury laws by reconveying the property bought at such sale to the debtor. If this had been shown, the law, looking to the substance and not to the form of the transaction, would treat the money paid by the debtor as paid on the note and sustain his right to recover the usury. But the evidence shows that at the time of this sale there was no such collusion between the parties; on the contrary, they were antagonistic to each other. Cobb, having purchased the property at a sum not greater than the balance of the principal due on his note, had the right to convey it to the appellant or to any other person at any price. The fact that he did convey it to him who had once been his debtor, but whose

debt had been paid by the sale under the deed of trust, at a price equal to the sum of the note and the usurious interest originally contracted for, did not make the sale usurious.

*The judgment is affirmed.*